IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEROME STOKES,<br><br>                  Plaintiff,<br><br>v.<br><br>T. ATKIN; CAMERON MCCULLOUGH;<br>WASHINGTON COUNTY<br>ATTORNEY'S OFFICE,<br><br>                  Defendants. | MEMORANDUM DECISION & ORDER<br>DENYING PLAINTIFF'S RULE 60(b)<br>MOTION<br><br>Case No. 4:25-cv-00038-AMA<br><br>District Judge Ann Marie McIff Allen |

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment under Rule 60(b).[1] For the reasons discussed below, the Court denies the Motion.

## **BACKGROUND**

Plaintiff initiated this action on April 7, 2025, bringing claims under §1983 for violations of his Fourteenth Amendment procedural due process rights against Cameron McCullough, T. Atkin, and the Washington County Attorney's Office.[2] On April 25, 2025, Magistrate Judge Paul Kohler issued a Report and Recommendation recommending that the action be dismissed with prejudice due to improper claim splitting.[3] The Report and Recommendation notified Plaintiff of his right to object within fourteen (14) days of service.[4] Plaintiff did not file any objections.

On May 30, 2025, the Court adopted in its entirety the Magistrate Judge's Report and Recommendation and dismissed the action with prejudice.[5]

---

[1] ECF No. 13, filed November 22, 2025.
[2] ECF No. 1.
[3] ECF No. 8.
[4] *Id*.
[5] ECF Nos. 9–10.

1

On November 22, 2025, Plaintiff filed the instant Motion for Relief from Judgment under Rule 60(b).[6]

### DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[7]

Such relief is "extraordinary and may only be granted in exceptional circumstances."[8] "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[9]

Here, it appears that Plaintiff premises his request for relief on Rule 60(b)(1), Rule 60(b)(2), Rule 60(b)(4), and Rule 60(b)(6). The Court will address each in turn.

A.      **Rule 60(b)(1)**

Rule 60(b)(1) provides that the court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]"[10] "[E]xcusable neglect . . . encompass[es] situations in which failure to comply with a deadline is attributable to

---

[6] ECF No. 13.
[7] Fed. R. Civ. P. 60(b).
[8] *Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000).
[9] *Van Skiver v. U.S.*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).
[10] Fed R. Civ. P. 60(b)(1).

negligence."[11] "Failure to comply with procedural rules, even if inadvertent, does not qualify for reversal."[12] "Pro se litigants are not excused from the obligation to understand and comply with the procedural rules of the court."[13] Pertinent here is DUCivR 83-1.6(b), which provides that "[a]n unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."

Plaintiff contends that he failed to respond to the Magistrate Judge's Report and Recommendation because he did not receive it due to his unstable living situation. This, Plaintiff argues, constitutes excusable neglect. But if the address Plaintiff initially provided to the Court was no longer the appropriate address, it was Plaintiff's duty to immediately update the Court with new information. Although Plaintiff updated his email address on December 4, 2025,[14] this did not occur until several months after final judgment had been entered. While the Court is sympathetic to Plaintiff's hardships, "Plaintiff cannot ignore this Court's rules and then claim the consequences of his inaction constitute[] excusable neglect, let alone extraordinary circumstances."[15] Plaintiff's lack of notice was of his own making, and thus Rule 60(b)(1) is not an appropriate basis for the exceptional relief requested.

---

[11] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (citation modified).

[12] *Cracraft v. Utah Valley Univ.*, No. 2:19-cv-397-TC, 2021 WL 872290, at *5 (D. Utah Mar. 9, 2021), *aff'd*, No. 21-4031, 2021 WL 5500604 (10th Cir. Nov. 24, 2021).

[13] *Id.*

[14] *See* ECF No. 14.

[15] *Gallegos v. Daughenbach*, No. 20-cv-01337-WJM-KLM, 2023 WL 2816085, at *2 (D. Colo. Jan. 23, 2023), *report and recommendation adopted*, No. 20-cv-1337-WJM-KLM, 2023 WL 2583108 (D. Colo. Mar. 21, 2023).

**B.     Rule 60(b)(2)**

Rule 60(b)(2) provides that relief from judgment may be appropriate due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[16] Such relief is available if

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence was not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) . . . a new trial with the newly discovered evidence would probably produce a different result.[17]

Here, liberally construing Plaintiff's filing, it appears that Plaintiff may attempt to assert Rule 60(b)(2) as a basis for his requested relief because he states that he has new evidence that materially impacts this case. Nonetheless, this assertion is entirely conclusory. Plaintiff makes no attempt to describe this new evidence nor to explain why it could not have been discovered previously. Accordingly, relief from judgment is not appropriate under Rule 60(b)(2).

**C.     Rule 60(b)(4)**

Rule 60(b)(4) provides relief from judgment where "the judgment is void[.]"[18] "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it."[19] Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[20]

Plaintiff contends that he lacked notice of the Magistrate Judge's Report and Recommendation. But, as has been discussed, Plaintiff's lack of notice was of his own making. A copy of the Report and Recommendation was mailed to Plaintiff, and Plaintiff was notified of

---

[16] Fed R. Civ. P. 60(b)(2).
[17] *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013) (alteration in original).
[18] Fed R. Civ. P. 60(b)(4).
[19] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1014 (10th Cir. 2025).
[20] *Id.*

his right to object.[21] The report was never returned to the Court as undeliverable. The Court thus gave Plaintiff notice and opportunity to be heard, and it was Plaintiff who failed to comply with his obligation to immediately inform the Court of any address changes. As such, no violation of due process depriving Plaintiff of notice occurred here, and Rule 60(b)(4) cannot provide the basis for Plaintiff's extraordinary relief.

**D.     Rule 60(b)(6)**

Rule 60(b)(6) authorizes relief from judgment "for any other reason that justifies relief."[22] "The availability of relief under Rule 60(b)(6) is independent of the other enumerated provisions of Rule 60(b), 'is even more difficult to attain[,] and is appropriate only when it offends justice to deny such relief.'" [23] "A Rule 60(b)(6) motion may not be 'premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).'"[24] "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."[25] "In sum, a party 'cannot simply throw in subsection (6) without any new arguments and expect to obtain' relief from judgment." [26]

Plaintiff seeks relief under Rule 60(b)(6) for essentially the same reasons that he requested relief under the other clauses, which is improper. Moreover, this case was dismissed due to improper claim splitting, and Plaintiff's circumstances, while certainly difficult and

---

[21] ECF No. 8.

[22] Fed. R. Civ. P. 60(b)(6).

[23] *Liming Wu v. Bernhardt*, 820 F. App'x 669, 674 (10th Cir. 2020) (unpublished) (alterations in original) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F. 3d 1281, 1293 (10th Cir. 2005)).

[24] *Hutchinson v. Kamauu*, No. 2:20-cv-00796-RJS-DAO, 2023 WL 1785652, at *8 (D. Utah Feb. 6, 2023) (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).

[25] *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).

[26] *Hutchinson*, 2023 WL 1785652, at *8 (quoting *Zurich*, 42 F.3d at 1293).

unfortunate, do not impact that determination. The interests of justice do not thus dictate that this case should be reopened. Relief from judgment under Rule 60(b)(6) is inappropriate.

## **ORDER**

For these foregoing reasons, Plaintiff's Motion for Relief from Judgment under Rule 60(b) (ECF No. 13) is DENIED.

DATED this 13th day of May 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge